Hall, Judge.
 

 I concur in opinion with the Judge ofthe Superior Court,! hat the surrender of the Defendant in the ^ ^ to flie ¡áherififof Pitt was a nullity, because the act of Assembly,
 
 (Rev. ch.
 
 1131,) on which this proceeding is founded, directs that the surrender by the surety shall be made “
 
 in open Court of the county
 
 to which the
 
 ca. sa.
 
 is
 
 returnable,
 
 or to the
 
 Sheriff
 
 or other officer, as the case may be,
 
 of said
 
 County.” U is further added, that “the surety is hereby authorized to exercise all the power, which by law special bail have over their principal.” It is certainly not to be understood by this clause, that the surety is at liberty to surrender his principal to the Sheriff who made the arrest, as special bail, by the act of 1777,
 
 (Rev. ch.
 
 115,) might do, because it would expressly contradict the plain words of the clause which preceded it, as before recited. But I understand it as giving power to the surety, as the act of 1777 gives to special bail,
 
 “
 
 to arrest the body of the principal, and secure him until they shall have an opportunity to surrender him in open Court of the county to which the
 
 ca. sa.
 
 is returnable, or to the Sheriff of said county.
 

 I also concur in the opinion, that the remedy upon the bond survived to the representatives of the original Plaintiff.
 

 With respect to the remaining question, it is to be observed, that the condition of the bond directed to be given by the Defendant is, “ for his appearance at the next Court, at which the execution shall be returnable, then and there to stand to and abide by such proceedings as may be had by the Court, in relation to his taking the benefit of this act.” The bond given by the Defendants in this case is conditional, “that be shall make his personal appearance, &c. and then and there claim the benefit of the act of Assembly for the relief of insolvent debtors, passed in 1822, and not depart from the said Court, without leave thereof.”
 

 
 *257
 
 To claim the benefit of this act,when the Defendantin the
 
 ca. sa.
 
 appears in Court,is to act conformably to the mode pointed out by it, as regards the rights of both parties. The Plaintiff is authorized to suggest fraud or ment of property, money, &c. by the Defendant, in which case a jury must pass between the parties. The Court are authorized to continue the issue thus made up,at the instance of either party. If the issue is tried at a subsequent term, it is the duty of the Defendant to attend the Court. He is liable to be examined on oath, and in case the jury shall find the issue against him, or he shall refuse to be examined on oath upon the trial, he shall be deemed in custody of the Sheriff, arid be imprisoned, &c. until a full disclosure, &c. It was in such a proceeding as this, that Mooring claimed the benefit of the act, and during the time it was carrying on, that he stipulated not to depart the Court without leave. I therefore think as he failed to attend Court, and was called out, and offered no legal excuse for so doing, the bond was forfeited, and judgment should bé rendered upon it as the act directs.
 

 Per Curiam. — Let a judgment be entered for the debt, interest and costs.